# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TED DARNELL DANIELS,<br><br>            Plaintiff,<br>vs.<br>O. ALVARADO, et al.<br><br>            Defendants. | CASE NO. 07cv1822 JM(POR)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |

On or about July 29, 2009 Plaintiff filed a Motion for Appointment of Counsel ("Motion") to assist him in prosecuting his civil rights action brought pursuant to 42 U.S.C. §1983. The Constitution provides no right to appointment of counsel in a civil case. See Lassiter v. Dept. of Social Services, 452 U.S. 18, 25 (1981). Under 28 U.S.C. § 1915(e)(1), however, district courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate [his or her] claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, it appears that Plaintiff has a sufficient grasp of his case, the legal issues involved, and is able to adequately articulate the basis of his complaint. The complaint adequately sets forth the factual basis for his claims. Further, the Motion is articulate, coherent, and demonstrates a fundamental understanding of the issues. Under these circumstances, the Court denies Plaintiff's

1 | request for appointment of counsel because it is not warranted by the interests of justice. <u>LaMere v. Risley</u>, 827 F.2d 622, 626 (9th Cir. 1987).

**IT IS SO ORDERED.**

DATED: August 6, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:      All Parties