# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TED DARNELL DANIELS,<br><br>                  Plaintiff,<br>vs.<br><br>O. ALVARADO; M. HARRIS; A. ROBERTS; and W. MITCHELL,<br>                  Defendants. | CASE NO. 07cv1822 JM(POR)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION RE: GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND DENYING MOTION FOR LEAVE TO AMEND |

On April 26, 2010, Magistrate Judge Louisa A. Porter entered a Report and Recommendation That Defendants' Motion for Summary Judgment Be Granted and Plaintiff's Motion for Summary Judgment be Denied ("R & R"). Plaintiff has filed Objections to the R & R and Defendants a response to the Objections.[1] Each Objection is addressed in turn.

**Brief Background**

The court adopts the statement of facts set forth in the R & R; and only supplements that statement with the evidence submitted by Plaintiff, consisting primarily of his own declaration.[2] On

---

[1] The court reviews <u>de novo</u> the Objections to the R & R. The court also incorporates the R & R as if fully set forth herein.

[2] The court notes that Plaintiff's declaration closely follows the allegations of the First Amended Complaint. (Ct. Dkt. No. 5).

1 | October 7, 2005 Plaintiff Daniels informed Defendant Alvarado of his belief that he needed a cell
2 | change because of the "likelihood of serious violence between gang member cellmate Smith" and
3 | himself. (Daniels Decl. ¶1). In the morning, Officer Harris indicated that Plaintiff could change cells.
4 | (Id. ¶2). Plaintiff started to move his personal belongings from his cell to a table in the day room. (Id.
5 | ¶3). After Plaintiff refused to return to his cell for an inmate count, Officer Roberts, a named
6 | defendant not yet served with the summons or complaint, placed him in handcuffs and he and Officers
7 | Harris and Alvarado escorted him to his cell. On the way to the cell, Officer Roberts whispered in
8 | Plaintiff's ear that if Plaintiff wanted to go to Administrative Segregation, he would "have to "EARN"
9 | it!" (Id. ¶8).

10 |       The key events in this case occurred at the entrance to Plaintiff's cell. When Plaintiff was
11 | ordered to enter the cell, Officer Alvarado observed Plaintiff "take two steps forward toward the cell
12 | and then he suddenly shot backwards out of the cell, colliding into Correctional Officer Roberts,
13 | almost pushing him over the second-tier railing." (Alvarado Decl. ¶10). Officer Roberts, an
14 | individual of five feet two inches in height, ordered Plaintiff to get on the ground. When Plaintiff,
15 | about six foot two inches tall, weighing 240 lbs, refused to get on the ground, Officer Roberts pulled
16 | Plaintiff to the ground. Officer Alvarado observed Plaintiff kicking his legs when she sat on
17 | Plaintiff's legs to prevent him from kicking and injuring Officer Roberts or herself. She declares that
18 | she did not "kick, punch or in any way use force against Daniels other than to sit on his legs."
19 | (Alvarado Decl. ¶12).

20 |       Plaintiff's declaration disputes that he pushed back against Officer Roberts when ordered to
21 | enter the cell. Plaintiff acknowledges that he refused to enter the cell and that Officer Roberts threw
22 | Plaintiff violently "down to the hard concrete floor onto [his] left shoulder, and then placed his knee
23 | on Plaintiff's neck." (Daniels. Decl. ¶8). Plaintiff disputes that he was kicking and, with respect to
24 | Officer Alvarado, declares that she did not sit on his legs but was standing on them." (Daniels Decl.
25 | ¶9).

26 | **Objection to the Defendants' Provision of Notice of the Summary Judgment Standards**

27 |       In reliance upon Arreola v. Mangaong, 65 F.3d 801 (9th Cir. 1995), Plaintiff argues that only
28 | the court can provide notice of the summary judgment standard. In Rand v. Rowland, 154 F.3d 952

1  (9th Cir. 1998), the court overruled Arreola, holding that a summary judgment movant may provide
2  the requisite notice.  Accordingly, the court denies this objection.

**Objection to the Grant of Summary Judgment in Favor of Defendants**

4  Plaintiff's primary Objection to the R & R is that the evidence accompanying his Objections
5  establish that Defendants applied excessive force in violation of his Eighth Amendment constitutional
6  rights.  While Defendants object to the court's consideration of the evidence not originally
7  accompanied by Plaintiff's opposition to the motion for summary judgment, the court, in its discretion,
8  considers such evidence and concludes that it fails to create a genuine material issue of law or fact.

The Eighth Amendment

10  The R & R sets forth the legal standards to prevail on an excessive force Eighth Amendment
11  claim.  (R & R at pp.8:9-10:12).  As further discussed in the R & R, the core Eighth Amendment
12  judicial inquiry is that set out in Whitley v. Albers, 475 U.S. 312 (1986), that is, "whether force was
13  applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause
14  harm."  Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).  The R & R also discusses in detail the factually
15  similar case of White v. Roper, 901 F.2d 1501 (9th Cir. 1990), where the Ninth Circuit concluded that
16  a prisoner's refusal to enter his cell created the need for force from the prison official, even if the
17  prisoner had a reasonable fear that his cellmate would physically assault him.

18  In light of the factual record, the court concludes that the force applied by Defendants
19  Alvarado and Harris constitutes a de minimus amount of force and is therefore not actionable.  See
20  e.g. Moore v. Machado, 2009 WL 4051082 (N.D. Cal. 2009) (Throwing prisoner against the wall and
21  then twisting and bending his arm is de minimus).  Whether Defendant Alvarado sat on Plaintiff's legs
22  or stood on them, the evidence establishes that Defendant Alvarado acted reasonably and in good faith
23  to apply reasonable force to control Plaintiff.  Plaintiff has not shown that he was seriously injured
24  when Defendant Alvarado took efforts to maintain and restore order by assisting Officer Roberts in
25  gaining control over Plaintiff or that Defendant Alvarado acted maliciously or sadistically in holding
26  down Plaintiff's legs.

27  With respect to Defendant Harris, this Defendant declares that he did not touch Plaintiff at any
28  time during the incident.  Officer Harris declares that he was standing next to Officer Roberts when

1  he observed Plaintiff refuse to enter his cell and then push backwards into Officer Roberts. (Harris
2  Decl. ¶9). He observed Officers Roberts and Alvarado gain control over Plaintiff and declares that
3  he did not touch Plaintiff. Id. Officer Alvarado also declares that Officer Harris did not touch
4  Plaintiff. (Alvarado Decl. ¶12).

5  Plaintiff disputes Officer Harris' evidence and declares that after he was thrown to the ground
6  by Officer Roberts, Defendant Harris "jump down on Plaintiff" and then put his body weight "into
7  [his] back with a rolling motion on Plaintiff's handcuffed" hands. (Daniels Decl. ¶8). Accepting
8  Plaintiff's version of the evidence, the act of Officer Harris rolling over Plaintiff's back does not, in
9  the absence of additional evidence not present before the court, create a genuine issue of material fact.
10 In the absence of some permanent or serious injury caused by Officer Harris rolling over Plaintiff's
11 back, the court concludes that this de minimus force is not actionable under 42 U.S.C. §1983.
12 Furthermore, there is no evidence to show that this defendant used force against Plaintiff in a
13 malicious and sadistic manner.

14 Qualified Immunity

15 As more fully discussed in the R & R, "regardless of whether the constitutional violation
16 occurred, the [official] should prevail if the right asserted by the plaintiff was not 'clearly established'
17 or the [official] could have reasonably believed that his particular conduct was lawful." Romero v.
18 Kitsap County, 931 F.2d 624, 627 (9th Cir. 1991). As noted by the Supreme Court, corrections officers
19 must balance the need to "maintain order and discipline" against the risk of injury to inmates, and
20 "must make their decisions in 'haste, under pressure, and frequently without the luxury of a second
21 chance.' " Hudson, 503 U.S. at 6 (quoting Whitley, 475 U.S. at 320). In light of this, " '[p]rison
22 administrators ... should be accorded wide-ranging deference in the adoption and execution of policies
23 and practices that in their judgment are needed to preserve internal order and discipline to maintain
24 institutional security.' " Whitley, 475 U.S. at 321-22.

25 The situation confronted by Defendants when Plaintiff refused to enter his cell created a need
26 for the corrections officers to apply reasonable force to control Plaintiff and gain his compliance with
27 proper directives. White, 901 F.2d 1501 (prisoner's refusal to enter cell reasonably gives rise to the
28 official's application of reasonable force). The Officers' conduct in applying the force applied under

1  the circumstances of seeking to gain control over Plaintiff once he refused to enter his cell are well
2  within the "wide-ranging deference" accorded prison officials in applying reasonable force "to
3  preserve internal order and discipline."  Whitley, 475 U.S. at 322.  The minimal amount of force
4  applied by Officer Alvarado (standing on Plaintiff's legs, according to Plaintiff's declaration) and
5  Officer Harris (assuming Plaintiff's version of events) does not support a finding of excessive force.
6  Accordingly, Defendants are entitled to qualified immunity.

**Objection to the District Court's Denial of Plaintiff's Motion for Summary Judgment**

Plaintiff objects to the recommended denial of his motion for summary judgment.  As Plaintiff did not submit any evidence in support of his motion for summary judgment, the magistrate judge properly denied summary judgment in his favor.  Moreover, even considering Plaintiff's declaration as evidence in support of his motion for summary judgment, Plaintiff's motion is denied for the reasons noted above.

In sum, the court denies Plaintiff's Objections, grants Defendants' motion for summary judgment, and denies Plaintiff's motion for summary judgement.  The court also denies Plaintiff's motion for leave to amend the complaint to state a claim against Officer Roberts as untimely.  Plaintiff fails to make a showing of good cause why he waited almost three years before moving to compel the issuance of a subpoena to Officer Roberts.

**IT IS SO ORDERED.**

DATED: July 27, 2010

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:   All parties